UNITED STATES DITRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KILLIAN COLEMAN, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>  v.<br><br>APARTMENT INCOME REIT CORP., APARTMENT INCOME REIT, L.P., and AIR NORTH ANDOVER, LLC,<br>               Defendants. | Civil Action No: 1:24-cv-11406-MJJ<br><br><br>Jury Trial Demanded |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, Killian Coleman ("Plaintiff" or "Coleman"), by and through his undersigned counsel of record, on behalf of himself and all others similarly situated, submits the following First Amended Class Action Complaint against Defendants Apartment Income REIT Corp. ("AIR Corp."), Apartment Income REIT, L.P. ("AIR LP") (collectively, "AIR"), and AIR North Andover, LLC[1] ("AIR NA") (together with AIR Corp. and AIR LP, "Defendants"),[2] and based upon personal knowledge as to his own acts and circumstances and based upon information and belief as to all other matters, alleges as follows.

## SUMMARY OF THE CASE

1.    Plaintiff brings this action for redress of Defendants' violations of the Massachusetts Security Deposit Law, G.L. c. 186, § 15B (sometimes referred to herein as the "Security Deposit Law"), in connection with funds retained or withheld or deductions taken from

---

[1] Formerly known as AIMCO North Andover, L.L.C.
[2] "Defendants," as used herein, is intended to refer to all subsidiaries and affiliates of AIR, including all of the "Title-Holding Entities," as defined in Paragraph 10, *infra*.

security deposits held in escrow for tenants at Massachusetts rental properties owned, leased and/or managed by Defendants.  This action is brought by Plaintiff on behalf of himself and on behalf of a class consisting of former tenants at Massachusetts residential apartment units owned, leased, and/or managed by Defendants ("AIR Units")[3] who have vacated their AIR Units and: a) who have had all or any portion of their security deposit withheld for claimed physical damage to the unit and who have not been provided with an itemized statement of damages sworn to under the pains and penalties of perjury, at any time during the period from April 26, 2020 through the date of judgment; b) who have had funds withheld from their security deposit for cleaning charges at any time during the period from April 26, 2020 through the date of judgment; and/or c) who  have had all or any portion of their security deposit withheld for claimed physical damage to the unit and who have not been provided with written evidence of damages, such as estimates, bills, invoices, or receipts at any time during the period from April 26, 2020 through the date of judgment.

2.      Although strict compliance with the Security Deposit Law is required to be entitled to deduct funds from tenants' security deposits, Defendants consistently violate and have violated the Security Deposit Law.

3.      Defendants' unlawful practices when deducting or withholding funds from the security deposits of Massachusetts tenants include:

---

[3]The AIR Units include residential rental units at the following Massachusetts apartment communities: Axiom Apartments; Charlesbank Apartment Homes; One Canal Apartments; Prism; Royal Crest Estates North Andover; Royal Crest Marlboro Apartment Homes; Vivo Apartments; Waterford Village Apartments; and Wexford Village Apartment Homes (the "AIR Communities"). https://www.aircommunities.com/en/community.html (last visited Jul. 2, 2024)

a)      failing to provide tenants with an itemized list of damages for which security deposit deductions are taken, sworn to under the pains and penalties of perjury, as required by c. 186, § 15B (4)(iii);

b)      withholding funds from tenants' security deposits for cleaning charges, an impermissible charge under c. 186, § 15B (4); and

c)      failing to provide written evidence of damages for which funds are deducted or withheld from tenants' security deposits, such as estimates, bills, invoices or receipts, as required by c. 186, §15B (4)(iii).

4.      As a result of Defendants' violations of the Security Deposit Law, as outlined above and described in more detail below, Defendants forfeited the right to retain any portion of the security deposit of any tenant affected by such violations (including Plaintiff and all Class members), pursuant to c. 186, § 15B(6).

## THE PARTIES

5.      Plaintiff is an individual residing at 183 Holbrook Rd., Quincy, Norfolk County, Massachusetts.  During the period from approximately June 28, 2020 through approximately June 19, 2023, Coleman was a tenant at Royal Crest North Andover, 50 Royal Crest Drive, North Andover, Massachusetts 01845-6500 (the "Property"), apartment number 30-7, under a lease with AIR NA.  AIR NA is a wholly owned subsidiary of AIR.

6.      Defendant AIR Corp. is a Maryland corporation with a principal place of business at 4582 S. Ulster Street, Suite 1700, Denver, Colorado, with regional offices in Bethesda, Maryland, Irvine, California, and New York, New York.  On or about June 28, 2024, AIR Corp. entered into a merger transaction with Blackstone Real Estate Partners X L.P. ("Blackstone"),

whereby Blackstone acquired all outstanding common shares of AIR Corp.  AIR Corp. survived the merger transaction as a wholly owned subsidiary of three entities, Apex Purchaser LLC, Aries Purchaser LLC, and Astro Purchaser LLC, which are affiliates or subsidiaries of Blackstone.

7.      Defendant AIR LP is a Delaware limited partnership, with a principal place of business at 4582 S. Ulster Street, Suite 1700, Denver, Colorado, with regional offices in Bethesda, Maryland, Irvine, California, and New York, New York.

8.      Defendant AIR NA is a Delaware limited liability company with a principal place of business at 4582 S. Ulster Street, Suite 1700, Denver, Colorado, and is registered to do business in Massachusetts.

9.      AIR, at all times relevant hereto, was a self-administered and self-managed real estate investment trust.[4]  Defendants' rental transactions with Plaintiff and other members of the Classes are part of a large, multi-state residential rental enterprise operated by AIR, through its subsidiaries, that includes dozens of multi-unit properties in 10 states and the District of Columbia.[5]  AIR, at all times relevant hereto, owned and/or managed thousands of residential rental units in Massachusetts; during the period since April 26, 2020, AIR has owned and/or managed more than 3,500 residential rental units in Massachusetts.[6]  AIR, at all times relevant hereto, owned 100% of the following AIR Communities: Axiom Apartments; Charlesbank Apartment Homes; One Canal Apartments; Prism; Royal Crest Estates North Andover; and Vivo

---

[4] AIR Annual Report on Form 10-K for fiscal year ending December 31, 2023 ("AIR 2023 10-K") at 2.
[5] AIR 2023 10-K at F-18; Declaration of Matthew Holmes in Support of Defendants' Motion to Compel Arbitration, ECF No. 23, ¶ 11.
[6] Declaration of Matthew Holmes in Support of Defendants' Notice of Removal, ECF No. 1-3, ¶ 4.

Apartments.[7]  AIR, at all times relevant hereto, managed the other three AIR Communities: Royal Crest Marlboro Apartment Homes; Waterford Village Apartments; and Wexford Village Apartment Homes.

10.     AIR LP, at all times relevant hereto, owned substantially all of the assets (including the six (6) AIR Communities owned by AIR) and owed substantially all of the liabilities of the AIR enterprise and managed the daily operations of AIR's business.[8]  Legal title to each of the AIR Communities owned by AIR is in the name of a separate limited liability corporation, each of which, including AIR NA, is a wholly owned subsidiary of AIR. These limited liability corporations are referred to herein collectively as the "Title-Holding Entities."

## JURISDICTION AND VENUE

11.     Jurisdiction of this Court is founded upon 28 U.S.C. § 1332(d) because the matter in controversy exceeds the value of $5,000,000, exclusive of interests and costs, there are more than 100 class members, and the matter is a class action in which any member of a class of plaintiffs is a citizen of a different state from any Defendant.

12.     This Court has personal jurisdiction over Defendants because they regularly transact and have transacted business in Massachusetts by their ownership and management of residential rental units in Massachusetts, and because the acts or conduct that are the subject matter of this action arose from Defendants' transaction of business in Massachusetts.  In addition, Defendant AIR NA is registered to do business in Massachusetts and has a registered agent for service of process in Massachusetts.

---

[7] https://investors.aircommunities.com/filings-financials/quarterly-reports/ (last viewed June 28, 2024).
[8] AIR 2023 10-K at 2.

13.     Venue is proper in this District because Defendants own (or owned during the relevant time period) residential rental property in this District and/or are registered to do business in Massachusetts, the Property and all of the AIR Communities are located in this District, and Plaintiff resides in this District.

**FACTUAL ALLEGATIONS**

A.      **The Massachusetts Security Deposit Law**

14.     15B.    The Massachusetts Security Deposit Law, states, in pertinent part:

>    (4)     The lessor shall, within thirty days after the termination of occupancy under a tenancy at will or the end of the tenancy as specified in a valid written lease agreement, return to the tenant the security deposit or any balance thereof; provided, however, that the lessor may deduct from such security deposit for the following:
>
>    (i)     any unpaid rent or water charges which have not been validly withheld or deducted pursuant to any general or special law.
>
>    (ii)    any unpaid increase in real estate taxes which the tenant is obligated to pay pursuant to a tax escalation clause which conforms to the requirements of section fifteen C; and
>
>    (iii)   a reasonable amount necessary to repair any damage caused to the dwelling unit by the tenant or any person under the tenant's control or on the premises with the tenant's consent, reasonable wear and tear excluded. In the case of such damage, the lessor shall provide to the tenant within such thirty days an itemized list of damages, sworn to by the lessor or his agent under pains and penalties of perjury, itemizing in precise detail the nature of the damage and of the repairs necessary to correct such damage, and written evidence, such as estimates, bills, invoices or receipts, indicating the actual or estimated cost thereof.

\*\*\*

>    No deduction may be made from the security deposit for any purpose other than those set forth in this section.

\*\*\*

6

(6)     The lessor shall forfeit his right to retain any portion of the security deposit for any reason, or, in any action by a tenant to recover a security deposit, to counterclaim for any damage to the premises if he:

*** 

(b)     fails to furnish the tenant within thirty days after the termination of the occupancy the itemized list of damages, if any, in compliance with the provisions of this section;

***

(e)     fails to return to the tenant the security deposit or balance thereof to which the tenant is entitled after deducting therefrom any sums in accordance with the provisions of this section, together with any interest thereon, within thirty days after termination of the tenancy.

(7)     If the lessor or his agent fails to comply with clauses (a), (d), or (e) of subsection 6, the tenant shall be awarded damages in an amount equal to three times the amount of such security deposit or balance thereof to which the tenant is entitled plus interest at the rate of five per cent from the date when such payment became due, together with court costs and reasonable attorney's fees.

## B.     Defendants' Sworn Statement Violations

15.     When they withhold or deduct any funds from a tenant's security deposit for physical damage to the apartment unit, Defendants prepare and provide the tenant with two standard forms. One such form is called a final move out statement ("Move Out Statement"), which, among other things, lists the amount of the security deposit, interest accrued on the deposit, and any charges taken/funds withheld from the deposit. The other form is a Move Out Inspection report ("Inspection Report"), which contains the date and the results of an inspection of the unit after the tenants have vacated. The Inspection Report purports to list any items of physical damage to the unit for which Defendants claim the tenants are responsible and provides a dollar amount for each item.

7

16.     The Move Out Statement has language stating that it is signed under the pains and penalties of perjury, but that statement is false, because it is not signed at all.  The Move Out Statement, which is a standard form used by Defendants at the AIR Communities, does not have a signature line or some other space that would indicate it is to be signed, and the form is not signed by an agent of any of the Defendants.

17.     The Move Out Statement provides certain minimal information concerning each item of purported damages for which funds have been withheld from the security deposit, with a dollar figure for each item.

18.     The other form provided to vacating tenants is a Move Out Inspection report ("Inspection Report"), which contains the date and the results of an inspection of the unit after the tenants have vacated.  The Inspection Report purports to list any items of physical damage to the unit for which Defendants claim the tenants are responsible and provides a dollar amount for each item.

19.     The Move Out Statement provided to Plaintiff and all members of the Sworn Statement Class (defined below) is not signed by an agent of any of the Defendants under pains and penalties of perjury, as it bears no signature at all.  The Inspection Report is also not signed.

20.     Defendants' failure to sign the Move Out Statement under pains and penalties of perjury violates the provisions of c. 186, § 15B(4)(iii), which requires the lessor to "provide to the tenant within [thirty days of the termination of the tenancy] an itemized list of damages, sworn to by the lessor or his agent under pains and penalties of perjury."

C.     **Defendants' Cleaning Charge Violations**

21.     Defendants have withheld funds from the security deposits of Plaintiff and all members of the Cleaning Charge Class (as defined below) for cleaning charges, for the cleaning

of the apartment unit. These cleaning charges are impermissible and unlawful deductions from the tenants' security deposits.

22.     Defendants' cleaning charges are not permissible security deposit deductions under c. 186, § 15B(4) because cleaning charges are not among the list of permitted deductions set forth in that section of the Security Deposit Law.  Section (4) of the Security Deposit Law allows the lessor to take deductions from the security deposit only for:  a) unpaid rent or water charges; b) unpaid real estate taxes owed by the tenant pursuant to a conforming tax escalation clause; or c) reasonable amounts necessary to repair any damage caused to the dwelling unit by the tenant, reasonable wear and tear excluded.  And Section (4) explicitly states that "[n]o deduction may be taken from the security deposit for any purpose other than [the three items listed above]." *Id*.  *See also Taylor v. Beaudry*, 82 Mass. App. Ct. 105,106 (2012)

### D.     Defendants' Damage Documentation Violations

23.     Neither the Move Out Statement nor the Inspection Report includes, attaches, or makes reference to, any estimates, bills, invoices, or receipts, or any other written evidence in support of the physical damage charges for which funds have been withheld from the security deposit. No such written evidence in support of the damage-related deductions taken from the security deposit is provided to the tenant.

24.     Defendants' failure to provide such documentation violates the provisions of c.186, § 15B(4)(iii), which, among other things, requires the lessor to provide to the tenant written evidence of any damage repair costs deducted from the security deposit, such as estimates, bills, invoices or receipts.

E.      **Specific Facts Relevant to the Plaintiff**

25.     Plaintiff is a former tenant at the Property, at apartment number 30-7, having occupied that unit from approximately June 28, 2020 through approximately June 19, 2023.  At or near the commencement of his tenancy, Plaintiff paid a security deposit of $500.00.

26.     On or about July 5, 2023, Plaintiff received a Move Out Statement from Defendants.  A copy of the Move Out Statement received by Plaintiff is annexed hereto as **Exhibit A**.  The Move Out Statement was not signed by an agent of any of the Defendants, and in fact was not signed at all.  The Move Out Statement contained the following language: "This final move-out statement is signed under the pains and penalties of perjury." The Move Out Statement was not signed under the pains and penalties of perjury, as required by the Security Deposit Law, (and indeed, was not signed at all), and there also was no signature on the Inspection Report received by Plaintiff. Plaintiff received no other documents or papers concerning his security deposit or any deductions taken therefrom within 30 days after the termination of his tenancy or of his occupancy of the unit, nor did he receive a return of his security deposit (or any portion thereof) within that 30-day period.

27.     According to his Move Out Statement, Coleman was charged the sum of $3,136.12, for various items, against his security deposit of $500.00, indicating that he owed a balance of $2,635.97, because the claimed charges exceeded the amount of his security deposit by that amount. Coleman has never received a refund of all or any portion of his security deposit. The total charges of $3,136.12 included a total of $2,669.70 for physical damage to the unit.

28.     The Move Out Statement did contain photographs purporting to show the items of damage and required repairs, but it failed to include written evidence of any work performed or

work that needed to be performed, such as estimates, bills, invoices or receipts, documenting the actual or estimated cost of any of the work purportedly performed or to be performed.

29.     The Inspection Report received by Plaintiff identified some of the items of damage on the Move Out Statement and the amount charged or to be charged for each item. However, two items on the Move Out Statement (a $544 charge for painting the entire unit and a $130 charge for painting one wall), aside from the fact that they are duplicative, were not listed or identified in the Inspection Report.  The Inspection Report was not signed by an agent or anyone on behalf of any of the Defendants, nor did it include or attach any documentation, such as bills, estimates, invoices, or receipts.

### F.     Defendants' Continuing Conduct

30.     Defendants' violations of the Security Deposit Law alleged and described herein are continuing to the present day, and unless enjoined by an order of this Court, Defendants will continue their conduct in violation of the Security Deposit Law.  Plaintiff seeks injunctive relief to compel Defendants to reform their practices and to cease and desist from continuing the unlawful practices alleged herein.  With respect to the damage documentation violations, Plaintiff seeks only injunctive relief and does not seek monetary damages.

### CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of three classes, defined as follows:

All former tenants in AIR Units who have vacated their AIR Units, and who have had any portion of their security deposit retained and not returned to them based on amounts claimed for

physical damage to the unit and who were not provided with an itemized list of damages, sworn to under pains and penalties of perjury, within 30 days after the termination of their occupancy or the end of their tenancy, during the period from April 26, 2020 through the date of judgment (the "Sworn Statement Class").

All former tenants in AIR Units who have vacated their AIR Units, and who have had any portion of their security deposit retained for cleaning fees or cleaning charges for the cleaning of their apartment unit and not returned to them within 30 days after the termination of their occupancy or the end of their tenancy, during the period from April 26, 2020 through the date of judgment (the "Cleaning Fee Class").

All former tenants in AIR Units who have vacated their AIR Units, and who have had any portion of their security deposit retained based on amounts claimed for physical damage to the unit and who were not provided with written evidence of the claimed damages, such as estimates, bills, invoices, or receipts, within 30 days after the termination of their occupancy or the end of their tenancy, during the period from April 26, 2020 through the date of judgment (the "Damage Documentation Class").[9]

32.     Excluded from the Class are Defendants and their subsidiaries and affiliates; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.   Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, including in connection with, or as part of any motion for class certification.

33.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

34.     Numerosity – Fed. R. Civ. P. 23(a)(1).  The Class members are so numerous that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes that there are at least hundreds, if not thousands of members in each Class, since there are more than 3,500 AIR Units in Massachusetts. The precise number of Class members and their addresses is

---

[9] Plaintiff is seeking only injunctive relief on behalf of the Damage Documentation Class and is not seeking monetary damages on behalf of that Class.

unknown to Plaintiff but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

35.     Commonality – Fed. R. Civ. P. 23(a)(2).  There are questions of law and fact common to the Classes.  All Class members were subject to the same violations of the Security Deposit Law by Defendants in that: a) all members of the Sworn Statement Class had either all or some portion of their security deposit withheld for charges related to claimed physical damage to the apartment unit and none received an itemized list of damages signed under the pains and penalties of perjury; b) all members of the Cleaning Charge Class had funds withheld from their security deposit for cleaning charges-charges for the cleaning of their apartment; and c) all members of the Damage Documentation Class had either all or some portion of their security deposit withheld for charges related to claimed physical damage to the apartment unit and none received written evidence of said damages, such as estimates, bills, invoices, and/or receipts. Furthermore, common questions of law and fact, include, but are not limited to:

a.     Whether Defendants failed to provide itemized statements of damages signed under the pains and penalties of perjury to members of the Sworn Statement Class;

b.     Whether Defendants' failure to provide an itemized list of damages signed under the pains and penalties of perjury violates the Security Deposit Law;

c.     Whether Defendants withheld money for cleaning charges from the security deposits of members of the Cleaning Charge Class;

d.       Whether Defendants' conduct in withholding money from tenants' security deposits for cleaning charges violates the Security Deposit Law;

e.       Whether Defendants failed to provide written evidence of damages in the form of estimates, bills, invoices, or receipts to members of the Damage Documentation Class;

f.       Whether Defendants' failure to provide written evidence of damages violates the Security Deposit Law;

g.       Whether any or all of the conduct alleged herein constitutes a violation of G.L., c. 186, § 15B;

h.       Whether all or any of the conduct alleged herein constitutes a violation of G.L., c. 93A, § 2;

i.       Whether all or any of the conduct alleged herein constitutes a willful or knowing violation of G.L., c. 93A, § 2;

j.       Whether Plaintiff and the other Class members are entitled to a return of their entire security deposits;

k.       Whether Plaintiff and the other Class members are entitled to damages, including multiple damages and/or statutory damages and if so, in what amount; and

l.       Whether Plaintiff and the other Class members are entitled to injunctive or declaratory relief.

36.       Typicality – Fed. R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of the claims of the other Class members because, among other things, all Class members were similarly injured through the uniform conduct described herein, and all Class members have the same claim, based

on the same legal theories, *i.e.,* that Defendants' failure to provide itemized statements of damages signed under the pains and penalties of perjury, Defendants' practice of withholding money for cleaning charges from tenant's security deposits, and Defendants' failure to provide written evidence of damages violate the Security Deposit Law.

37.     Adequacy of Representation – Fed. R. Civ. P. 23(a)(4).  Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously. The Classes' interests will be fairly and adequately protected by Plaintiff and his counsel.

38.     Predominance – Fed. R. Civ. P. 23(b)(3).  This suit may be maintained as a class action because questions of law and fact common to the Classes predominate over the questions affecting only individual Class members.  The only individual questions here relate to Class members' individual damages; and even those individual issues are minimal because where Defendants charged a tenant for physical damage to the apartment unit and also withheld money from the tenant's security deposit for other reasons (such as unpaid rent or utility charges) and did not provide the required sworn statement of damages, the tenant is entitled to a return of his/her entire security deposit, regardless of the amount or type of charges taken (if any) in addition to   charges for physical damage to the unit. The same is true for Defendants' other violations of the Security Deposit Law.

39.     Superiority – Fed. R. Civ. P. 23(b)(3).  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or

other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if the Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

40.      Injunctive Relief – Fed. R. Civ. P. 23(b)(2). Certification is also appropriate under Fed. R. Civ. P. 23(b)(2) for the Classes, and in particular for the Damage Documentation Class, because the parties opposing the Class have acted or refused to act on grounds that apply generally to the Classes (and in particular to the Damage Documentation Class), so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

## CLAIMS FOR RELIEF

### COUNT I

### Violations of G. L. c. 186 § 15B

41.      Plaintiff realleges and incorporates the allegations in the preceding paragraphs as if set forth at length here.

42.      Defendants have violated and continue to violate the provisions of the Security Deposit Law.

43. Defendants' violations of the Security Deposit Law, described in greater detail above, consist of the following:

a) failing to provide tenants with an itemized list of damages sworn to under pains and penalties of perjury within 30 days after the termination of their occupancy or tenancy;

b) taking deductions from tenants' security deposits for cleaning charges; and

c) failing to provide tenants with written evidence of any damages resulting in deductions from their security deposits, such as estimates, bills, invoices or receipts within 30 days after termination of their occupancy or tenancy.

## COUNT II

### Unfair and Deceptive Acts or Practices in Violation of G.L., c. 93A, § 2

44. Plaintiff realleges and incorporates the allegations in the preceding paragraphs as if set forth at length here.

45. The Massachusetts Consumer Protection Act, G.L. c. 93A, prohibits a number of unfair or deceptive acts or practices and unfair methods of competition in trade or commerce. *See id.*, § 2.

46. At all times relevant hereto, Defendants were engaged in trade or commerce, within the meaning of that language, as used in c. 93A, § 2, and as defined in c. 93A, § 1(b).

47. Under the authority of G.L., c. 93A, § 2(c), the Massachusetts Attorney General has promulgated certain regulations pertaining to c. 93A, including 940 C.M.R., § 3.17.

48. 940 C.M.R., § 3.17(4) provides that violations by a lessor of any provisions of G.L., c. 186, § 15B constitute unfair or deceptive practices in violation of c. 93A, § 2.

49.     Accordingly, the conduct alleged herein to be in violation of c. 186, § 15B, including the sworn statement violations, the cleaning charge violations, and the damage documentation violations, constitute unfair or deceptive practices, in violation of c. 93A, § 2.

50.     Plaintiff and members of the Classes have been injured by Defendants' unfair or deceptive acts or practices and unfair methods of competition, including by having all or a portion of their security deposits withheld by Defendants.

51.     Defendants willfully or knowingly engaged in unfair or deceptive conduct in violation of c. 93A, § 2.

52.     Pursuant to c. 93A, § 9(3), Plaintiff and all Class members are entitled to recover double or treble the amount of their actual damages, or statutory damages, whichever is greater, plus their reasonable attorneys' fees and the costs of this action.

53.     Plaintiff and Class members are also entitled to injunctive relief under c. 93A, § 9 to compel Defendants to reform their practices and to stop engaging in the unlawful practices alleged herein.

54.     On March 1, 2024, Plaintiff sent a written demand for relief to Defendants pursuant to G.L., c. 93A, § 9(3). Defendants failed to provide a reasonable offer of relief in response to the demand letter.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court order the following relief:

1.     An Order certifying the Classes as requested herein;

18

2.     An Order awarding to Plaintiff and the other Class members the return of their security deposit, plus interest, costs and attorney's fees;

3.     An order awarding damages to Plaintiff and Class members, including actual damages, statutory damages, and/or multiple damages, plus costs and attorneys' fees, as allowed by law;

4.     An Order awarding injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing its unlawful practices in violation of the Security Deposit Law and unlawfully withholding funds from tenants' security deposits;

5.     An Order awarding attorneys' fees and costs to Plaintiff; and

6.     Such other and further relief as may be just and proper.

## VIII.   JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

**Dated:**   July 12, 2024                                      Respectfully submitted,

                                                                          **PASTOR LAW OFFICE, PC**

                                                                          /s/ David Pastor_____
                                                                          David Pastor (BBO # 391000)
                                                                          63 Atlantic Avenue, 3d Floor
                                                                          Boston, MA 02110
                                                                          Telephone: (617) 742-9700
                                                                          Facsimile: (617) 742-9701
                                                                          Email:  dpastor@pastorlawoffice.com

                                                                          **BODKIN & MASON, LLP**
                                                                          Thomas W. Bodkin, Jr. (BBO # 638223)
                                                                          37 Mechanic Street
                                                                          Worcester, MA 01608
                                                                          Telephone: (508) 363-3422
                                                                          Facsimile: (508) 519-9155
                                                                          Email:  tbodkin@bodkinmason.com

**DANN LAW**
Brian D. Flick (*pro hac vice*)
15000 Madison Avenue
Lakewood, Ohio 44107
Telephone: (513) 645-3488
Email:  bflick@dannlaw.com

***Counsel for Plaintiff and the Class***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on July 12, 2024.


/s/ David Pastor_____
David Pastor